**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALA KIAIE, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 01-1501 (GK) |
| : | |
| ISLAMIC REPUBLIC OF IRAN, : | |
| : | |
| Defendant. : | |

## MEMORANDUM OPINION

Plaintiffs have filed an Objection to the Report & Recommendation issued by Magistrate Judge Deborah Robinson in this case. Pursuant to 28 U.S.C. § 636(b)(3) and LCvR 72.3(c), the Court reviews the Report & Recommendation *de novo*. Upon consideration of the Objection, the Report & Recommendation, the applicable case law, and the entire record herein, the Court concludes that the Objection will be **overruled**, and the Report & Recommendation will be **adopted**. Since Magistrate Judge Robinson concluded that no liability had been established and that, therefore, no damages should be awarded, this case will be **dismissed**.

Plaintiffs are members of the Kiaie family and the Tavakoli family, who were shareholders in two Iranian corporations: the West Industrial Group ("WIG") and the Western Publishing and Printing Company ("WPPC"). The Defendant, the Islamic Republic of Iran, was properly served and never made any appearance in the case. Default was entered against the Defendant on August 22, 2002. On February 13, 2004, the case was referred to Magistrate Judge Robinson for issuance of a Report & Recommendation as to Defendant's liability and damages. On March 25, 2004, Magistrate Judge Robinson bifurcated liability and damages, and on February 11, 2005, issued her Report & Recommendation. On February 23, 2005, Plaintiffs filed a timely Objection.

The two companies, WIG and WPPC, in which the various Plaintiffs owned various amounts of stock, were seized by the Islamic Republic of Iran during Iran's 1979 Islamic Revolution. Plaintiffs sought compensation for the seizure of their property and the losses they suffered. In the early 1980s, Plaintiffs filed two claims with the Iranian-United States Claims Tribunal ("Tribunal"). Those claims were brought on behalf of members of the two different families and sought compensation for the confiscation of WIG and its subsidiaries. In 1996, the Tribunal issued a ruling concluding that none of the Kiaie Plaintiffs were entitled to relief. In 1997, the Tribunal issued a ruling concluding that one member of the Tavakoli family was entitled to compensation, and awarded her approximately $375,952, plus interest and costs. That award has been paid in full.

Plaintiff Ala Kiaie, who is representing all the Plaintiffs, makes two requests in this litigation: first, that the Court "accept" the award of compensation made by the Tribunal as accurate and, second, that the Court assist Plaintiffs in their efforts to collect their award. Magistrate Judge Robinson concluded that there was no legal authority to grant either of these two requests.

The lead Plaintiff, Mr. Kiaie, is proceeding *pro se*, and the Court gives full consideration to that fact. Mr. Kiaie has submitted a number of different statements of position in this case, all of which the Court has carefully read. Although he is not a lawyer, he is clearly a highly intelligent person, who is very well educated, and has a good command of the English language. Moreover, he has been persistent in his efforts to seek compensation for members of his family and of the Tavakoli family. In light of his demonstrated ability to express himself in the English language and his familiarity with the legal and factual issues in this case, the Court must accept his submissions and arguments as he has presented and phrased them.

There is no dispute that in 1981, the United States entered into the Algiers Accords, in order to resolve a diplomatic crisis which had arisen because Iran seized the American embassy in Tehran and held a number of Americans as hostages. As part of the resolution of that crisis, the United States and Iran entered into the Algiers Accords which provided for an international arbitral tribunal known as the Iranian-United States Claims Tribunal. The Tribunal was located in The Hague and was designated to hear claims brought by Americans against the Government of Iran and vice versa. In exchange, the United States undertook to terminate legal proceedings in American courts brought by Americans against Iran and, most significantly, to unblock more than $1 billion of Iranian assets in the United States. United States v. Sperry Corp., 493 U.S. 52, 55-56 (1999). The Algiers Accords specify that the decisions of the Tribunal shall "operate as a final resolution and discharge of the claims for all purposes." Exec. Order #12294, 46 Fed. Reg. 14111 (1981), Sec. 4.

In this case, the Tribunal issued two decisions, as noted above and as described in some detail in Magistrate Judge Robinson's Report & Recommendation at p. 3, that disposed of all claims presented by the Plaintiffs. Moreover, as the Plaintiffs concede, the one Plaintiff who was awarded compensation by the Tribunal has been paid in full.

In the Objection to the Report & Recommendation, Plaintiffs argue, at p. 1, that the Magistrate Judge has "misapprehended" their arguments. They claim that they are not seeking to review, overturn, or overrule any decision of the Tribunal, but merely request that this Court "acknowledge, adopt, and enforce the Tribunal determinations." Id. at 2. Plaintiffs also claim that they "are not requesting that the Court assist in collection of the money award[ed] by the Tribunal," because it has been collected in full.

However, their earlier submissions are <u>very</u> much to the contrary.  Consequently, it is very difficult to understand what Plaintiffs are really claiming.  They have stated repeatedly, in their Memorandum of June 28, 2004, in their Supplemental Memorandum of June 30, 2004, and at the status conference before Magistrate Judge Robinson on March 25, 2004, that in addition to seeking "acceptance" of the Tribunal's rulings, they also seek "adjudication" of issues on which they did not prevail before the Tribunal.  Finally, they have clearly requested in prior representations, that they seek help in enforcing the Tribunal's awards, even though they deny this in their Objection at p.2 to the Report & Recommendation.

The Magistrate Judge is correct, as a matter of law, that "no statute, treaty, or law gives this Court power to review a decision of the Iranian-United States Claims Tribunal, or to aid in the collection of an award made by the Tribunal."  Report & Recommendation, at 6.  <u>See</u> <u>also</u> <u>Iran Aircraft Industry v. Avco Corp.</u>, 98 F.2d 141, 144-45 (2d Cir. 1992) ("<u>Avco</u>").  Indeed, Plaintiffs concede that "this Court has no authority to overturn or overrule" the Tribunal.  Objection at p. 2.  Moreover, <u>Avco</u> squarely rejected the argument that the Accords create any mechanism for direct enforcement of Tribunal awards.

Given that this Court has no authority to review decisions of the Tribunal denying relief to the Kiaie family Plaintiffs, and that there is nothing left to enforce in the Tribunal's two decisions relating to this case because the Tavakoli family Plaintiff has received the compensation she was awarded, it is clear that no liability can be established against the Defendant.[1]

---

[1] To the extent that Plaintiffs are asking this Court to rule on the merits as to the claims of Ala Kiaie, Jacqueline Kiaie, Jubin Kiaie, Anthony Tavakoli and David Tavakoli, their position must be rejected because "the Tribunal was vested with exclusive jurisdiction over claims by nationals of the United States against Iran, claims by nationals of Iran against the United States, and

(continued...)

For these reasons, the Court concludes that the Objection to the Report & Recommendation of Magistrate Judge Robinson must be **overruled**, and the Report & Recommendation will be **adopted**.


December 29, 2006                              /s/
                                               Gladys Kessler
                                               United States District Judge


**Copies via ECF to all counsel of record**

**and**

ALA KIAIE
112 La Alondra Court
San Rafael, CA 94903

---

[1](...continued)
counterclaims arising from the same transactions." <u>Avco</u>, 980 F.2d at 143.